**Robert R. DAVENPORT, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–1665.

United States Court of Veterans Appeals.

May 6, 1994.

Order Extending Time for Filing Memorandum June 9, 1994.

Before KRAMER, FARLEY, and STEINBERG, Judges.

## ORDER

PER CURIAM.

Appellant appeals from a September 10, 1991, decision of the Board of Veterans' Appeals (Board) which denied entitlement to vocational rehabilitation training under chapter 31 of title 38 of the United States Code (the Code). On February 28, 1992, appellant filed with the Court his opening brief. On June 16, 1992, the Secretary filed a motion for summary affirmance, for acceptance of the motion in lieu of a brief, and for a stay of proceedings. On November 6, 1992, appellant filed a reply brief. By order dated March 4, 1994, the appeal was submitted to this panel for decision without oral argument.

Appellant has contended, both in his briefs filed with this Court and during a personal hearing before the Board (*see* R. at 212), that because he has a service-connected disability rated 10% disabling and an employment handicap he is entitled to a vocational rehabilitation program under chapter 31 of title 38 of the Code, without regard to whether his service-connected disability contributes to his employment handicap. Appellant's argument raises the question whether the regulatory requirement of 38 C.F.R. § 21.51 (1993) that the service-connected disability "must materially contribute to the [employment] impairment," *see* 38 C.F.R. § 21.51(c)(2), (e)

(1993), is a valid exercise of the Secretary's rulemaking authority under 38 U.S.C. § 501 or whether the regulation is in excess of statutory authority given the lack of a causation element in the basic entitlement statute, 38 U.S.C. § 3102 (formerly 38 U.S.C. § 1502), applicable at the time appellant submitted his claim in 1989. The Secretary did not address this issue in his motion, but merely noted that the argument previously had been raised by appellant. *See* Mot. at 8, n. 7.

On consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the Secretary file with the Court and serve upon appellant a memorandum addressing this issue in light of (1) the language and legislative history of the Veterans' Rehabilitation and Education Amendments of 1980, Pub.L. No. 96–466, 94 Stat. 2171 (Oct. 17, 1980), and predecessor statutory provisions relating to the relationship between a veteran's employment handicap and service-connected disability and (2) the regulatory history of the 1984, and pre–1984, VA regulations relating to the same matter. The Secretary shall attach to his memorandum as appendices copies of all pertinent statutory and regulatory materials, including House and Senate committee reports and hearings, Congressional floor statements, joint explanatory statements, agency reports and transmissions of proposed legislation, and Federal Register explanatory materials and proposed and final regulations. It is further

ORDERED that, not later than 30 days after service of the Secretary's memorandum, appellant may file with the Court and serve upon the Secretary a memorandum in response to the Secretary's memorandum. It is further

ORDERED that any interested individual or entity may file with the Court and serve upon the parties memoranda addressing this issue. Any such amicus memorandum shall be filed not later than the date on which appellant may file his memorandum.

## ORDER

June 9, 1994

On May 6, 1994, this Court ordered the Secretary to file a memorandum by June 6,

1994, addressing various issues pertinent to this appeal. Appellant was permitted and amici were invited to file memoranda not later than 30 days after service of the Secretary's memorandum addressing the same issues. On June 2, 1994, the Secretary filed a motion for a 45–day extension of time within which to file his memorandum. In his motion, the Secretary states that the extension is needed because this appeal presents an issue of first impression of "profound importance to the Department" and requires departmental coordination due to an "estimate that approximately $400 million in additional program funding ... may be affected" by the Court's ruling. The Secretary advised that the appendix to the memorandum will contain several hundred pages. According to counsel for the Secretary, appellant opposes the motion.

On consideration of the foregoing, it is

ORDERED that the Secretary's motion for an extension of time up to and including July 21, 1994, to file a memorandum is granted. It is further

ORDERED, notwithstanding the Court's May 6, 1994, order, that, not later than 30 days after service of the Secretary's memorandum, appellant and any amici may file with the Court and serve upon the Secretary a memorandum in response to the Secretary's memorandum.